## Case No. 3,357.

### CRANE v. The SAMSON.

[N. Y. Times. Feb. 24. 1855.]

District Court, S. D. New York. Feb. 22, 1855.

ADMIRALTY — COLLISION — FRAUDULENT ATTEMPT TO OVERCHARGE FOR DAMAGES—INTEREST.

[A fraudulent attempt by libelant, for whom a decree has been entered in a collision suit, to charge for repairs in no way made necessary by the collision, should not prevent his recovery of the true amount of his damages, but a court of admiralty may deny interest up to the time when the true amount is fixed by the commissioner's report.]

[In admiralty. Libel by Joseph A. Crane and others against the steamboat Samson, for collision. Decree was entered for libelants (case unreported), and the cause is now heard on exceptions by both parties to the commissioner's report.]

Owen & Morton, for libelants.
Mr. Donohue, for claimants.

Before BETTS, District Judge.

This was a case of collision, brought by the owners of the brig Iola, and tried before Judge Hall, who gave a decree in favor of the libelants, and ordered a reference to a commissioner to compute their damages. The commissioner reported the damages at the sum of $2,150, to which report both parties excepted. An amended report was afterwards made, specifying the particulars of the amount, and the case comes up now on the exceptions to the report. The claimants of the steamboat contend that there was a fraudulent attempt on the part of the libelants to charge the steamboat with amounts no way connected with the collision, and that if any damages are allowed the amount

should be greatly lessened, while the libelants claim that damages should have been allowed to the amount of $4,585.73.

HELD BY THE COURT: That upon the proofs there was strong evidence that whoever conducted the repairs of the brig attempted most unfairly to charge the steamboat with expenses well known to them not to have arisen from the injuries. The pretence under which the attempt was covered—that the underwriters were to pay the expense; and that the charges were put in beyond their just value to screen the owners from their share of contribution—no way lessens the dishonesty of the transaction. That the intention or even attempt of the libelants to practice a fraud upon the claimants, does not, in law, disable them from recovering the real value of the labor and materials bestowed upon the brig in giving her the repairs she required. That the sum of $900 be allowed for the repairs as reported by the commissioner, one witness having offered to make the repairs for that sum. But that it seems befitting in a court, proceeding in a good degree upon the principles of equity, to discountenance the attempt of the libelants to enforce a wrongful account against the steamboat, by denying interest on that sum, until that sum become fixed by the second report of the commissioner, filed December 4, 1854. That the demurrage must be cut down to eight days, as the libelants have left the point upon conflicting statements, when they could easily have rectified the estimate by testimony at their command. Decree, therefore, that the report of the commissioner be corrected in these particulars, and that the libelants have a decree for the sum of $1,121.22.

[NOTE. Both parties appealed from the decree, which was affirmed by the circuit court. The Sampson, Case No. 12,279.]